UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **SOUTHERN DIVISION at PIKEVILLE**

| | | |
|---|---|---|
| DONAVEON DONTREL LIGHTBOURN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. |
| | ) | 7:20-cv-31-JMH |
| V. | ) | |
| | ) | |
| WARDEN, USP-BIG SANDY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

                         ****   ****   ****   ****

Federal inmate Donaveon Dontrel Lightbourn has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [DE 1]. This matter is before the Court to conduct the initial screening of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Lightbourn's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are

entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

In 2008 Lightbourn was found guilty of possessing a firearm and ammunition after previously having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). The presentence report indicated that Lightbourn had an extensive criminal history, including at least seven felony convictions for drug trafficking, firearms possession, assault, and escape. The trial court concluded that five of these convictions qualified as violent felonies or serious drug offenses within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"). The trial court sentenced Lightbourn to 293 months imprisonment at the upper end of the range established by the advisory Sentencing Guidelines. *United States v. Lightbourn*, No. 1: 08-CV-20367-WPD-1, (S.D. Fla. 2008). The Eleventh Circuit affirmed Lightbourn's conviction and the enhancement of his sentence on direct appeal. *United States v. Lightbourn*, 357 F. App'x 259 (11th Cir. 2009). Lightbourn has challenged his conviction and sentence on numerous occasions, both by motion under 28 U.S.C. § 2255 and through habeas proceedings under 28 U.S.C. § 2241, without success.

In his latest effort, Lightbourn again presses his oft-repeated contentions that his two prior Florida convictions for

battery upon a law enforcement officer do not qualify as violent felonies, and that his 1997 conviction for possession with intent to sell cocaine does not qualify because he pled *nolo contendre* to the charge. [DE 1 at 6]. Lightbourn's challenge to his battery convictions refers to the Supreme Court's holdings in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Descamps v. United States*, 570 U.S. 254 (2013), but he makes no argument actually grounded in either decision. [DE 1-1 at 2-3]. His challenge to his 1997 drug trafficking conviction is based solely upon state law, not any decision by the United States Supreme Court. [DE 1-1 at 3-5].

Lightbourn has made these arguments before. In 2015, he filed a § 2241 petition challenging the enhancement of his sentence based upon his assault and escape convictions in light of *Johnson v. United States*, 559 U.S. 133 (2010) and *Johnson v. United States*, 576 U.S. 591 (2015). That petition was denied because such claims may not be pursued in a § 2241 petition. *Lightbourn v. Warden*, No. 5: 15-CV-416-WTH-PRL (M.D. Fla. 2015), *appeal dismissed*, No. 16-16838-A (11th Cir. 2016).

In 2018 Lightbourn made the same arguments under both *Johnson* decisions in this Court, and added his claim challenging the use of his drug trafficking conviction as a predicate offense. Notably, although both *Descamps* and *Mathis* had been decided years

3

before Lightbourn filed this petition in 2018, he made no argument that they afforded him any basis for relief. This Court denied the petition because Lightbourn's claims could not be pursued in a § 2241 petition. *Lightbourn v. Ormond*, No. 6: 18-CV-161-CHB (E.D. Ky. 2018).

Lightbourn did not appeal the denial of that habeas corpus petition. Instead, two weeks later, he simply filed a new one. Lightbourn's new petition again cited to both *Johnson* decisions, added references to *Descamps* and *Mathis* to challenge the use of the assault conviction as a predicate, and again contended that his *nolo contendre* plea to his 1997 drug trafficking offense meant that he was never convicted of that offense. This Court rejected these contentions for much the same reasons previously given. *Lightbourn v. Ormond*, No. 6: 18-CV-208-CHB (E.D. Ky. 2018). On appeal the Sixth Circuit affirmed, noting that Lightbourn did not contest that two of his drug trafficking convictions were valid predicate offenses. It then concluded that Lightbourn's 1997 no-contest plea to drug trafficking qualified as a "conviction" for purposes of the ACCA as a matter of federal law, and that even if a no-contest plea did not qualify as a conviction for purposes of *Florida* law, any alleged error in still treating it as such under the ACCA was one he could and must have raised on direct appeal or

4

in initial collateral review proceedings. *Lightbourn v. Ormond*, No. 18-6024 (6th Cir. 2018).

Lightbourn's current petition covers the same ground as the second petition he filed in 2018. Indeed, much of it is copied word-for-word from his last submission. The Court will therefore deny Lightbourn's current petition for the same reasons given by this Court and by the Sixth Circuit. First, Lightbourn's petition is plainly barred as an abuse of the writ. His claims under *Johnson*, *Descamps*, and *Mathis* were available but unasserted by Lightbourn in his first 2018 petition, and were actually asserted in his second petition but rejected by this Court, a result affirmed by the Sixth Circuit. The Court is therefore not obligated to address them yet again in this proceeding. 28 U.S.C. § 2244(a); *McClesky v. Zant*, 499 U.S. 467, 483-84 (1991); *Rosales-Garcia v. Holland*, 322 F.3d 386, 398-99 (6th Cir. 2003). And Lightbourn's claim regarding his *nolo contendre* plea to his 1997 drug trafficking charge is one that he could have asserted at sentencing, on direct appeal, and in an initial motion under § 2255. He may therefore not assert it now. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). This fact alone gives Lightbourn the three predicate offenses required to enhance his sentence under the ACCA, making further analysis unnecessary.

Accordingly, it is **ORDERED** as follows:

5

(1) Lightbourn's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE 1] is **DENIED**; and

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This the 2nd day of November, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge